Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CASILDO AGRAMONTE and JOSE GARCIA CRUZ, | Case No. 20-cv-4819 |
| *Plaintiff*, | **COMPLAINT** |
|  | **JURY TRIAL DEMANDED** |
| -against- | |
| GURUM CORPORATION d/b/a Jay Global Enterprises, JAY GLOBAL ENTERPRISES, INC., CHIN HU JUNG and DOIL JUNG a/k/a Doil Il Jung. | |
| *Defendants.* | |

----------------------------------------------------X

CASILDO AGRAMONTE and JOSE GARCIA CRUZ ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq., and as against, GURUM CORPORATION D/B/A JAY GLOBAL ENTERPRISES, JAY GLOBAL ENTERPRISES, INC., CHIN HU JUNG and DOIL JUNG a/k/a Doil Il Jung (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees of GURUM CORPORATION D/B/A JAY GLOBAL ENTERPRISES and JAY GLOBAL ENTERPRISES, INC. doing business as Jay Global at 1365 Lafayette Ave Bronx, NY 10474 that was owned and operated by Defendants CHIN HU JUNG and DOIL JUNG.

1

2.      Plaintiff AGRAMONTE was initially employed by Defendants as a warehouse helper/cleaner and soon served as both a warehouse porter and general laborer.

3.      Plaintiff JOSE GARCIA CRUZ was employed as a warehouse worker.

4.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

5.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6.      Plaintiffs now bring this action for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

9. Plaintiff CASILDO AGRAMONTE ("Plaintiff AGRAMONTE") is an adult individual residing in Bronx County, New York.

10. Plaintiff JOSE GARCIA CRUZ ("Plaintiff CRUZ") is an adult individual residing in Queen County, NY.

11. GURUM CORPORATION D/B/A JAY GLOBAL ENTERPRISES is a domestic Corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1365 Lafayette Ave Bronx, NY 10474.

12. JAY GLOBAL ENTERPRISES, INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1365 Lafayette Ave Bronx, NY 10474.

13. Defendant CHIN HU JUNG is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant CHIN HU JUNG is sued individually in his capacity as an employer and as an owner, officer and/or agent of Defendant Corporations.

14. Defendant CHIN HU JUNG possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

15. Defendant CHIN HU JUNG is the CEO of Defendant Gurum Corporation.

16. Defendant CHIN HU JUNG had the power to hire and fire employees of the Defendants, including Plaintiffs.

17. Defendant CHIN HU JUNG had the authority and power to enter into leases and business contracts on behalf of the Defendants in the operations of the warehouse wherein Plaintiffs worked by virtue of his role as the CEO of Defendant Gurum Corporation.

18. Defendant DOIL JUNG is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant DOIL JUNG is sued individually in his capacity as an employer and, on information and belief, an owner, officer and/or agent of Defendant Corporations.

19. Defendant DOIL JUNG possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

20. Defendant DOIL JUNG had the authority to hire and fire employees, set pay rates for employees, he had the authority to set schedules and assigned work tasks, *inter alia*.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants are associated and joint employers, act in the interest of each other with respect Jay Global.

22. Defendants shared common operations and acted jointly in the operation Jay Global.

23. Each Defendant possessed substantial control over Plaintiffs' working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

24. Defendants jointly employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff.

26. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

27. Upon information and belief, in each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, most if not all of the merchandise that arrived at Jay Global for handling was produced outside the state of New York.

29. Defendants employed more than 11 employees per year during the relevant time period.

*Plaintiff CASILDO AGRAMONTE*

30. Plaintiff AGRAMONTE was employed by Defendants from approximately May 2019 until on or about November 27th, 2019.

31. Throughout his employment with defendants, Plaintiff AGRAMONTE was employed by Jay Global at 1365 Lafayette Ave Bronx, NY 10474 as a warehouse worker and general laborer.

32. Over the course of his employ, Plaintiff's duties included such diverse tasks as loading and unloading trucks, loading and organizing produce onto shelves and into refrigerators, cleaning the warehouse, filling orders and cleaning and organizing the warehouse.

33. Plaintiff AGRAMONTE regularly handled goods produced in interstate commerce, such as foodstuffs, packages and other supplies produced outside the state of New York.

34. Plaintiff AGRAMONTE regularly interacted with interstate businesses through the operations of the warehouse.

35. Plaintiff AGRAMONTE' work was supervised and his duties required neither discretion nor independent judgment.

36. Plaintiff AGRAMONTE regularly worked in excess of 40 hours per week.

37. From May of 2019 until November of 2019, Plaintiff AGRAMONTE typically worked six (6) days a week:

   a. Monday: 5:00 A.M. until 3:00 P.M.

   b. Tuesday: 5:00 A.M. until 3:00 P.M.

   c. Wednesday: 5:00 A.M. until 3:00 P.M.

   d. Thursday: 5:00 A.M. until 3:00 P.M.

   e. Friday: 5:00 A.M. until 3:00 P.M.

   f. Saturday: 5:00 A.M. until between 1:00 P.M. and 3 P.M.

   g. Sunday: Typical Day Off

38. Defendants paid Plaintiff a weekly salary during his employ.

39. Defendants paid Plaintiff AGRAMONTE a weekly salary of $500.00.

40. No notification was given to Plaintiff AGRAMONTE regarding overtime and wages under the FLSA and NYLL.

41. Defendants failed to provide the NYLL annual notice when he was hired or upon each change in his rate of pay.

42. Defendants never provided Plaintiff AGRAMONTE with each payment of wages a statement of wages, as required by NYLL 195(3).

43. Defendants never provided Plaintiff AGRAMONTE, any notice in English and in

Spanish (Plaintiff AGRAMONTE' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

### *Plaintiff JOSE GARCIA CRUZ*

44. Plaintiff CRUZ was employed by Defendants from approximately August 2018 until March 2020.

45. Throughout his employment with defendants, Plaintiff CRUZ was employed by Jay Global at 1365 Lafayette Ave Bronx, NY 10474 as a warehouse worker and general laborer.

46. Over the course of his employ, Plaintiff's duties included such diverse tasks as loading and unloading trucks, organizing produce orders and breaking down produce orders.

47. Plaintiff CRUZ regularly handled goods produced in interstate commerce, such as foodstuffs, packages and other supplies produced outside the state of New York.

48. Plaintiff CRUZ was individually engaged in interstate commerce.

49. Plaintiff CRUZ' work was supervised and his duties required neither discretion nor independent judgment.

50. Plaintiff CRUZ regularly worked in excess of 40 hours per week.

51. From August 2018 until March 2020, Plaintiff CRUZ typically worked six (6) days a week:

    a. Monday: 4:00 A.M. until 3:00 P.M.

    b. Tuesday: 4:00 A.M. until 3:00 P.M.

    c. Wednesday: 4:00 A.M. until 3:00 P.M.

    d. Thursday: 4:00 A.M. until 3:00 P.M.

    e. Friday: 4:00 A.M. until 3:00 P.M.

    f. Saturday: 4:00 A.M. until 3:00 P.M.

  g. Sunday: Typical Day Off

52. Defendants paid Plaintiff a weekly salary during his employ.

53. From the beginning of his employ until approximately December 2019, Defendants paid Plaintiff CRUZ a weekly salary of $800.00.

54. From December 2019 until the end of his employ, Defendants paid Plaintiff CRUZ a weekly salary of $850.00.

55. No notification was given to Plaintiff CRUZ regarding overtime and wages under the FLSA and NYLL.

56. Defendants failed to provide the NYLL annual notice when he was hired or upon each change in his rate of pay.

57. Defendants never provided Plaintiff CRUZ with each payment of wages a statement of wages, as required by NYLL 195(3).

58. Defendants never provided Plaintiff CRUZ, any notice in English and in Spanish (Plaintiff CRUZ' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

59. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

61. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

62. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

63. Plaintiffs were individually engaged in interstate commerce.

64. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

65. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

66. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

68. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Plaintiffs were individually engaged in interstate commerce.

71. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

74. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

75. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

76. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77. Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

78. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

80. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

81. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

82. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

83. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

85. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

86. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

87. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

90. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

91. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

   (c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

   (d) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

   (e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime and minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

   (f) Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

   (g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs,

   (h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

   (i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

   (j) Enjoining Defendants from future violations of the NYLL;

   (k) Awarding Plaintiffs damages for the amount of unpaid overtime wages, unpaid minimum wages, damages for any improper deductions or credits taken against wages, as well as

awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
June 23, 2020

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*