Case 1:20-cv-04819-JLC   Document 44   Filed 01/29/21   Page 1 of 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CASILDO AGRAMONTE, *et al.*,                :
                                             :
                        Plaintiffs,          :
                                             :     **ORDER**
    -v-                                      :
                                             :     20-CV-4819 (JLC)
GURUM CORPORATION, *et al.*,                 :
                                             :
                        Defendants.          :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 35) and have now submitted a joint "fairness letter" (Dkt. No. 42) and a fully executed settlement agreement (Dkt. No. 42-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given defendants' financial situation as a result of the COVID-19 pandemic, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not

1

be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint fairness letter submitted by the parties as well as the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the mutual general releases, mutual non-disparagement provisions, and allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).[1]

Accordingly, the proposed settlement is hereby approved. The Court will sign the parties' fully-executed stipulation and order of dismissal (Dkt. No. 42-4). The Clerk is respectfully directed to close Docket No. 42 and mark it as "granted," and to close this case.

**SO ORDERED.**

Dated: January 29, 2021
New York, New York

JAMES L. COTT
United States Magistrate Judge

---

[1] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiff's counsel. The Court agrees with plaintiff's counsel, however, that the lengthy payment schedule here justifies, at least in part, the fees to be awarded as part of the settlement given the additional work that will be required on his part.